UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS GRACE and CLAY JOHNSON,

    Plaintiffs,

v.

DRS SENSORS & TARGETING SYSTEMS, INC.,

    Defendant.
_____/

CASE NO. 6:07-CV-1324-ORL-28-UAMC

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, DRS Sensors & Targeting Systems, Inc., by and through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, to the United States District Court, in and for the Middle District of Florida, Orlando Division, on the following grounds:

1. Plaintiffs commenced this civil action in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2007-CA-013718. In this civil action, Plaintiffs each assert counts for racial discrimination and retaliation under the Florida Civil Rights Act and counts for contractual discrimination and contractual retaliation under 42 U.S.C. § 1981.

2. Defendant is the only defendant in this civil action.

3. Plaintiffs' allegations allegedly occurred in Brevard County, Florida. (Verified Complaint at ¶ 2). Accordingly, venue is proper in the Orlando Division of the United States District Court, Middle District of Florida. *See* M.D. Fla. R. 1.02(b)(3).

4. This Notice of Removal is being filed within thirty days of receipt by Defendant of a copy of the Verified Complaint and is timely filed under 28 U.S.C. § 1446(b). The Summons and Verified Complaint were served on Defendant on August 3, 2007. Defendant was not previously served with any other pleadings. To date, no other process, pleadings or orders have been served on Defendant.

5. The time for answering, filing any motion, or otherwise responding to the above-captioned action has not yet expired, nor has Defendant entered an appearance.

A. **Federal Question Jurisdiction**

6. Plaintiffs raise federal questions inasmuch as they are seeking to recover damages pursuant to 42 U.S.C. § 1988 for alleged violations of 42 U.S.C. § 1981. (Verified Complaint ¶¶ 47, 53, 61 and 69).

7. Plaintiffs also assert claims under the Florida Civil Rights Act. (Verified Complaint ¶¶ 16, 25, 33, 41). "Because this act is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, federal case law dealing with Title VII is applicable." *Florida Dep't of Community Affairs v. Bryant*, 586 So. 2d 1205, 1209 (Fla. 1st DCA 1991); *see also*, *School Bd. of Leon County v. Hargis*, 400 So. 2d 103, 108 n.2 (Fla. 1st DCA 1981).

8. The District Courts of the United States have original jurisdiction of any civil actions arising under 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331, without respect to the amount in controversy or the citizenship of the parties. Therefore, this action may be removed to the United States District Court, in and for the Middle District of Florida, Orlando Division pursuant to the provisions of 28 U.S.C. § 1441.

**B.     Diversity Jurisdiction**

9.     Under 28 U.S.C. § 1332(a)(1), this Court also has original jurisdiction over this civil action because there is a diversity of citizenship between the parties and the amount in controversy likely exceeds the sum of $75,000, exclusive of interest and costs.

10.     There is a complete diversity of citizenship between Plaintiffs and Defendant. With respect to the citizenship of Defendant, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." 28 U.S.C. § 1332(c)(1). Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in Parsippany, New Jersey, where its corporate headquarters are located. *Werner v. Busch Entertainment Corp.*, 2006 U.S. Dist. LEXIS 65771, *4 (M.D. Fla. 2006) ("if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business'"). Defendant's physical operations and offices are dispersed throughout the country in twelve states including Colorado, Kentucky, New York, Alaska, Washington, Hawaii, Texas, Tennessee, Alabama, North Carolina, Florida and California.

11.     Plaintiffs are citizens of the State of Florida, having established a residence in the State of Florida. (Verified Complaint at ¶¶ 3, 4). Thus, Plaintiffs are "citizens" of the State of Florida under 28 U.S.C. § 1332 and were "citizens" of the State of Florida at the time the case was filed in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida.

12.     Plaintiffs allege in the Verified Complaint that the amount in controversy involves damages, "in excess of $15,000.00, excluding interest, costs, and attorney's fees." (Verified Complaint ¶ 1). Plaintiffs allege for each of the fours counts that apply to their personal claims

that they suffered "... emotional distress, mental anguish, loss of the capacity to enjoy life, loss of self-efficacy and economic damages." (Verified Complaint ¶¶ 15, 24, 32, 40, 46, 52, 60, 68).[1] Plaintiffs seek "... all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorneys fees..." (Verified Complaint ¶¶ 16, 25, 33, 41, 47, 53, 61, 69).

13.  Although Plaintiffs do not specify the amount of damages actually sought, Defendant is entitled to remove this case if it can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

14.  Plaintiffs combined damages are more likely than not greater than $75,000 in light of the fact that compensatory damages and attorney's fees are recoverable under each of Plaintiffs' eight counts. Defendant makes no admission that Plaintiffs are entitled to these damages or to any form of relief whatsoever, and makes this analysis solely to demonstrate that Plaintiffs' Verified Complaint satisfies the minimum amount in controversy required for diversity jurisdiction.

15.  This Court, therefore, in addition to having federal question jurisdiction, has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, in that it is a civil action involving citizens of different states both currently and at the time the case was filed in the Circuit Court, Eighteenth Judicial Circuit in and for Brevard County, Florida, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

16.  Pursuant to 28 U.S.C. § 1446(a) and (b), attached as Exhibit A are copies of the Summons and Verified Complaint, received by the Defendant in this matter. Exhibit B includes

---

[1] Plaintiff Johnson also alleges that he suffered pain and suffering with respect to his claims for contractual discrimination and contractual retaliation under 42 U.S.C. § 1981. (Verified Complaint ¶¶ 52, 68).

"all process, pleadings, orders, and other papers or exhibits of every kind, including depositions . . . on file in the state court" pursuant to Local Rule 4.02(b), United States District Court, Middle District of Florida.

17. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as Exhibit C.

18. A duplicate copy of this Notice of Removal will be filed with the Clerk of Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, State of Florida, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant files its Notice of Removal in and for the Middle District of Florida, Orlando Division, and prays that this action be removed to this Court.

Respectfully submitted,

By: _____
Andrew S. Hament, Trial Counsel
Florida Bar No. 325279
E-mail: ahament@fordharrison.com
Chelsie J. Roberts, Trial Counsel
Florida Bar No. 598208
E-mail: croberts@fordharrison.com
FORD & HARRISON LLP
1901 South Harbor City Boulevard, Suite 501
Melbourne, FL 32901
(321) 724-5633  Telephone
(321) 724-5979  Facsimile
Counsel for Defendant DRS Sensors & Targeting Systems, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Mark E. Tietig, Esq., Tietig & Tietig, P.A., 6065 South Tropical Trail, Merritt Island, Florida, 32952, this 23rd day of August, 2007.

_____
Attorney

MELBOURNE:2905.1