CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA
BREVARD COUNTY, FLORIDA

CIVIL DIVISION

DENNIS GRACE AND
CLAY JOHNSON,

Plaintiffs,

vs.

CASE NO. _____

DRS SENSORS & TARGETING SYSTEMS, INC,

Defendant.

_____/

## VERIFIED COMPLAINT: DEMAND FOR JURY TRIAL

Come now Plaintiffs, by and through undersigned Counsel, and file this Verified Complaint and state:

### Count I. Mr. Grace's Claim of Racial Discrimination

Florida Civil Rights Act of 1992

Fla. Stat. § 760.01, et seq.

1. This Court has subject matter jurisdiction because the amount in controversy exceeds $15,000.00, excluding interest, costs, and attorney fees.

2. Venue is proper in this Court because the violations of law alleged herein occurred in Brevard County, Florida.

3. Plaintiff, Dennis Grace, is a black African-American man residing in Brevard County.

4. Plaintiff, Clay Johnson, is a man of color and of Trinidadian origin, ancestry, and ethnicity; and, is a resident of Brevard County.

5. Defendant, DRS SENSORS & TARGETING SYSTEMS, INC, (hereinafter "DRS"), is a corporation with offices in Brevard County.

6. Both Mr. Johnson and Mr. Grace have worked for DRS since 2000 in information technology and related fields.

7. In 2005, DRS promoted a white man into a position for which Mr. Grace and Mr. Johnson were substantially better qualified, and for which Mr. Grace and Mr. Johnson were not given the opportunity to apply.

8. Mr. Grace was not promoted, nor provided the opportunity for the promotion, because of his race.

9. DRS discriminated against Mr. Grace with respect to his compensation, terms, conditions, and privileges of employment, because of his race.

10. DRS acted to limit, segregate, and/or classify Mr. Grace and its other black employees in ways which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individuals' race.

11. DRS acted with malice or callous indifference to Mr. Grace's federal and state rights.

12. With more than 300 employees, DRS is a covered employer under the Florida Civil Rights Act of 1992 (the "FCRA").

13. Mr. Grace is a covered employee under the FCRA.

14. Mr. Grace timely filed his administrative complaint with the Florida Commission on Human Relations (FCHR) and has exhausted his administrative remedies.

15. Mr. Grace has been injured by DRS as a result of the violation as alleged in this Count, including emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

16. Because of the injuries inflicted by DRS as a result of the violation as alleged in this count, Mr. Grace requests all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by the Florida Civil Rights Act of 1992.

## Count II. Mr. Johnson's Claim of Racial Discrimination
### Florida Civil Rights Act of 1992
### Fla. Stat. §.760.01, et seq.

17. Mr. Johnson realleges Paragraphs 1 through 7, and Paragraph 12; and, states additionally or alternatively:

18. Mr. Johnson was not promoted, nor provided the opportunity for the promotion, because of his color, national origin, ancestry, and/or ethnicity.

19. DRS discriminated against Mr. Johnson with respect to his compensation, terms, conditions, and privileges of employment, because of his color, national origin, ancestry, and/or ethnicity.

20. DRS acted to limit, segregate, and/or classify Mr. Johnson in ways which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individuals' color, national origin, ancestry, and/or ethnicity.

21. DRS acted with malice or callous indifference to Mr. Johnson's federal and state rights.

22. Mr. Johnson is a covered employee under the FCRA.

23. Mr. Johnson timely filed his administrative complaint with the FCHR and has exhausted his administrative remedies.

24. Mr. Johnson has been injured by DRS as a result of the violation as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

25. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Johnson requests all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by the Florida Civil Rights Act of 1992.

3

### Count III. Mr. Grace's Claim of Retaliation

### Florida Civil Rights Act of 1992

### Fla. Stat. § 760.01, et seq.

26. Mr. Grace realleges Paragraphs 1 through 14 and states additionally or alternatively:

27. Mr. Grace complained to the Equal Employment Opportunity Commission (EEOC), to the FCHR, and to DRS about racial discrimination perpetrated against him by DRS.

28. Mr. Grace's complaints comprised protected activity under the FCRA.

29. DRS took adverse employment actions against Mr. Grace; e.g., Mr. Grace's supervisors withdrew support and resources, falsely and maliciously lowered his score on his evaluations, surreptitiously monitored him, treated him with ostracism and hostility, and treated him with even more disrespect; in retaliation for making those complaints.

30. A reasonable employee would have found DRS's retaliatory actions materially adverse, as does Mr. Grace; i.e. that DRS's retaliatory actions could well dissuade a reasonable employee from protected conduct.

31. In retaliating against Mr. Grace, DRS acted with malice or callous indifference to Mr. Grace's federal and state rights.

32. Mr. Grace has been injured by DRS as a result of the violation as alleged in this Count, including emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

33. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Grace requests compensatory damages, and all other relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by the Florida Civil Rights Act of 1992.

## Count IV. Mr. Johnson's Claim of Retaliation

### Florida Civil Rights Act of 1992

### Fla. Stat. § 760.01, et seq.

34. Mr. Johnson realleges Paragraphs 1 through 7, 12, and 18-23; and, states additionally or alternatively:

35. Mr. Johnson complained to the Equal Employment Opportunity Commission (EEOC), to the FCHR, and to DRS about racial discrimination perpetrated against him by DRS.

36. Mr. Johnson's complaints comprised protected activity under the FCRA.

37. DRS took adverse employment actions against Mr. Johnson; e.g., Mr. Johnson's supervisors withdrew support and resources, falsely and maliciously lowered his score on his evaluations, surreptitiously monitored him, treated him with ostracism and hostility, and treated him with even more disrespect; in retaliation for making those complaints.

38. A reasonable employee would have found DRS's retaliatory actions materially adverse, as does Mr. Johnson; i.e. that DRS's retaliatory actions could well dissuade a reasonable employee from protected conduct.

39. In retaliating against Mr. Johnson, DRS acted with malice or callous indifference to Mr. Johnson's federal and state rights.

40. Mr. Johnson has been injured by DRS as a result of the violation as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

41. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Johnson requests compensatory damages, and all other relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by the Florida Civil Rights Act of 1992.

## COUNT V. Mr. Grace's Contractual Discrimination
## 42 U.S.C. § 1981

42. Mr. Grace realleges Paragraphs 1 through 10, and states additionally or alternatively:

43. Under Section 1981, Mr. Grace has the right to make and enforce contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people.

44. By failing or refusing to promote Mr. Grace or to provide the opportunity of promotion to him, DRS denied Mr. Grace the same right to make and enforce employment contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people because of Mr. Grace's race.

45. In discriminating against Mr. Grace, DRS acted with malice or callous indifference to Mr. Grace's federal and state rights.

46. Mr. Grace has been injured by DRS as a result of the violation as alleged in this Count, including emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

47. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Grace requests all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by 42 U.S.C. § 1988.

## COUNT VI. Mr. Johnson's Contractual Discrimination
## 42 U.S.C. § 1981

48. Mr. Johnson realleges Paragraphs 1 through 7, and 18 through 21; and, states additionally or alternatively:

6

49. Under Section 1981, Mr. Johnson has the right to make and enforce contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people.

50. By failing or refusing to promote Mr. Johnson or to provide the opportunity of promotion to him, DRS denied Mr. Johnson the same right to make and enforce employment contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people because of Mr. Johnson's color, national origin, ancestry, and/or ethnicity.

51. In discriminating against Mr. Grace, DRS acted with malice or callous indifference to Mr. Grace's federal and state rights.

52. Mr. Johnson has been injured by DRS as a result of the violation as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

53. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Johnson requests all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by 42 U.S.C. § 198.

## COUNT VII. Mr. Grace's Contractual Retaliation
## 42 U.S.C. § 1981

54. Mr. Grace realleges Paragraphs 1 through 10, 27, and 43; and, states additionally or alternatively:

55. Mr. Grace's complaints comprised protected activity under Section 1981.

56. DRS took adverse employment actions against Mr. Grace; e.g., Mr. Grace's supervisors withdrew support and resources, falsely and maliciously lowered his score on his

evaluations, surreptitiously monitored him, treated him with ostracism and hostility, and treated him with even more disrespect; in retaliation for making those complaints.

57. A reasonable employee would have found DRS's retaliatory actions materially adverse, as does Mr. Grace; i.e. that DRS's retaliatory actions could well dissuade a reasonable employee from protected conduct.

58. By retaliating against Mr. Grace, DRS denied Mr. Grace the same right to make and enforce employment contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people because of Mr. Grace's protected conduct.

59. In retaliating against Mr. Grace, DRS acted with malice or callous indifference to Mr. Grace's federal and state rights.

60. Mr. Grace has been injured by DRS as a result of the violation as alleged in this Count, including emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

61. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Grace requests all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by 42 U.S.C. § 1988.

## COUNT VIII. Mr. Johnson's Contractual Retaliation
### 42 U.S.C. § 1981

62. Mr. Johnson realleges Paragraphs 1 through 7, 18-23, 35, and 49; and, states additionally or alternatively:

63. Mr. Johnson's complaints comprised protected activity under Section 1981.

64. DRS took adverse employment actions against Mr. Johnson; e.g., Mr. Johnson's supervisors withdrew support and resources, falsely and maliciously lowered his score on his

evaluations, surreptitiously monitored him, treated him with ostracism and hostility, and treated him with even more disrespect; in retaliation for making those complaints.

65. A reasonable employee would have found DRS's retaliatory actions materially adverse, as does Mr. Johnson; i.e. that DRS's retaliatory actions could well dissuade a reasonable employee from protected conduct.

66. By retaliating against Mr. Johnson, DRS denied Mr. Johnson the same right to make and enforce employment contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people because of Mr. Johnson's protected conduct.

67. In retaliating against Mr. Johnson, DRS acted with malice or callous indifference to Mr. Johnson's federal and state rights.

68. Mr. Johnson has been injured by DRS as a result of the violation as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

69. Because of the injuries by DRS as a result of the violation as alleged in this count, Mr. Johnson requests all relief that is just and equitable, including compensatory damages, back pay, interest, costs, and attorney fees as provided by 42 U.S.C. § 1988.

### Demand for Jury Trial

Plaintiffs demand trial by jury on all issues so triable.

### Verifications

Pursuant to Florida Statute S 92.525 and under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct.

Signed and Dated this 16th day of July, 2007, by:

_____
Dennis Grace

Pursuant to Florida Statute S 92.525 and under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct.

Signed and Dated this 16th day of July, 2007, by:

_____
Clay Johnson

Respectfully submitted by:

_____

Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-8942
mt@tietig.com
Attorney for Plaintiffs