# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DENNIS GRACE and CLAY JOHNSON,**

**Plaintiffs,**

**-vs-**                                      **Case No.  6:07-cv-1324-Orl-28GJK**

**DRS SENSORS & TARGETING SYSTEMS, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR, ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT (Doc. No. 23)** |
| **FILED:**   **April 28, 2008** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion is **GRANTED IN PART, AND DENIED IN PART**. |

On or about August 23, 2007, Plaintiffs Dennis Grace and Clay Johnson ("Plaintiffs") brought this action against Defendant DRS Sensors & Targeting Systems, Inc. ("Defendant").  Doc. No. 1. On or about May 6, 2008, Plaintiffs filed their First Amended Complaint (the "Amended Complaint"). Doc. No. 20.  On May 27, 2008, Defendant filed its Motion to Dismiss Plaintiffs' Amended

Complaint or, in the Alternative, Motion for a More Definite Statement (the "Motion").  Doc. No. 23.

On June 9, 2008, Plaintiffs filed their Response to the Motion (the "Response").  Doc. No. 24.  The

Motion is now before the Court.

## I.    BACKGROUND.

Plaintiffs allege that they are minorities who suffered various forms of discrimination at the

hands of the Defendant employer.  Plaintiffs allege that in 2001 they began working for Defendant.

Doc. No. 20 at ¶ 6.  The Amended Complaint alleges that on "at least three occasions in the past four

years, [Defendant] promoted a white man into positions for which [Plaintiffs] were substantially

better qualified, and for which [Plaintiffs] were not given the opportunity to apply." Doc. No. 20 at ¶

7.  Plaintiffs further allege that Defendant "has subjected – and continues to subject – Plaintiffs to

disparate treatment and severe and pervasive harassment, including surreptitious and closer scrutiny,

harsher discipline, more onerous standards, withdrawal of recourses and support, fewer perquisites,

ostracism and marginalization, disrespect, and substantially more hostile work environment, because

of Plaintiffs' race." Doc. No. 20 at ¶ 10.  The foregoing allegations are incorporated into each count of

the Amended Complaint.

Count I alleges a claim for racial discrimination under the make and enforce contracts clause

of 42 U.S.C. § 1981(b).  Count I of the Amended Complaint further alleges: "By failing or refusing to

promote Plaintiffs or to provide the opportunity of promotion to them, and by creating and allowing a

more hostile and harassing workplace for them, [Defendant] is discriminating against Plaintiffs and

denying them the same right to make and enforce employment contracts – which includes the making,

performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges,

terms, and conditions of the contractual relationship – as enjoyed by white people because of

Plaintiffs' race." Doc. No. 20 at ¶ 12.

2

Count II alleges a claim for racial discrimination under the like pains and punishment clause of 42 U.S.C. § 1981(a).  Count II further alleges: "By failing or refusing to promote Plaintiffs or to provide the opportunity of promotion to them, by other disparate treatment, and by creating and allowing a more hostile and harassing workplace for them, [Defendant] is subjecting Plaintiffs to punishment, pains, penalties, and exactions of every kind less than those to which [Defendant] subjects similarly situated white people; and, [Defendant] is doing so because of Plaintiffs' race." Doc. No. 20 at ¶ 18.

Count III alleges a claim for retaliation under the make and enforce contracts clause of 42 U.S.C. § 1981(b). Count III further alleges that Defendants "took adverse employment actions against Plaintiffs; e.g., Plaintiffs' supervisors withdrew more support and resources, falsely and maliciously lowered their scores on their evaluations, continued to surreptitiously monitor them, treated them with more ostracism and hostility, and treated them with even greater disrespect; in retaliation for making those complaints." Doc. No. 20 at ¶ 25.

Count IV alleges a claim for retaliation under the like pains and punishment clause of 42 U.S.C. § 1981(a).  Count IV contains the same additional allegations as those set forth in regard to Count III.  Doc. No. 20 at ¶ 33.[1]

Count V alleges a claim for disparate treatment under the Florida Civil Rights Act of 1992, Fla. Stat. §760.01, *et. seq*.  Count V contains the following additional allegations: "[Defendant] engaged in disparate treatment racial discrimination against Plaintiffs with respect to their compensation, terms, conditions, and privileges of employment, because of their race."  Doc. No. 20 at ¶ 42.

---

[1] In addition, Count IV incorporates by reference the allegations contained in paragraphs 17 through 18 and 32 of the Amended Complaint.

Count VI alleges a claim for racial harassment and hostile work environment under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et. seq*.  Count VI contains the same additional allegations as set forth above in regard to Count V.  Doc. No. 20 at ¶ 51.

Count VII alleges a claim for retaliation in violation the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et. seq*.  In Count VII, Plaintiffs incorporate by reference the allegations contained in paragraphs 23, 25, 41 through 47 and 50 through 52.  Doc. No. 20 at ¶ 55.

Defendant seeks dismissal of Counts II and IV for the following reasons:

1.       Those counts fail to state a cause of action because the like pains and punishment clause does not apply in the employment context; and

2.       Those counts require state action.

Doc. No. 23 at 2.  In support of those arguments, Defendant cites *Mahone v. Waddle*, 564 F.2d 1018 (3rd Cir. 1976).  Defendant further argues that the entire Amended Complaint should be dismissed for failure to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  The Motion is now before the Court.

## II.     STANDARD OF REVIEW.

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. __, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).  To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See also Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citations omitted).  Previously, the general standard provided that a complaint should not be dismissed for

4

failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, the former "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957) has been "retired" in favor of a somewhat heightened requirement for a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Huggins v. Marriott Ownership Resorts, Inc.*, __ F. Supp.2d __, No. 6:07-cv-1514-Orl-22KRS, 2008 WL 552590 (M.D. Fla. Feb. 27, 2008) (discussing *Twombly* in dismissing claims for breach of implied duty of good faith and fair dealing) (Conway, J.); *see also In re Faro Technologies Securities Litigation*, 534 F.Supp.2d 1248, 1255 (M.D. Fla. 2007) (granting dismissal of certain securities fraud claims).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.*

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## III.    ANALYSIS.

### A.    COUNTS II AND IV.

Defendant seeks dismissal of Counts II and IV of the Amended Complaint on the basis that the pains and punishments clause of Section 1981(a) has no application to an employment matter and that state action is an element of such a claim.  Defendant cites one case to support its argument, *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1976), and discloses no contrary authority.  Doc. No. 24, pp. 2-3. Plaintiffs' Response cites three additional cases: *Phillip v. University of Rochester*, 316 F.3d 291 (2d Cir. 2003); *Chapman v. Hygbee Co.*, 319 F.3d 825 (6th Cir. 2003) (en banc), cert. denied, 542 U.S. 945 (2004); and *Bilello v. Come & Go, LLC*, 374 F.3d 656 (8th Cir. 2001).   Plaintiffs maintain that there is a split of authority regarding whether state action is required for the claims at issue, with the Third and Eighth Circuits requiring state action and the Second and Sixth Circuit holding the opposite.

In order to determine whether state action is required we begin with the language of the statute.  The relevant portions of Section 1981 state:

> **(a)    Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> *****
> **(c)    Protection against impairment**
> The rights protected by this section, are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981 (a) and (c). The plain language of Section 1981 provides that no state action is required for a claim under Section 1981.

Notably, subsection (c) of Section 1981 was added in November of 1991, which was after the sole case law relied upon by Defendants. *Phillip*, 316 F.3d at 294. *Mahone*, was decided in 1973. Since November of 2001, it does not appear that any Circuit Court has held that Section 1981 requires state action, with the exception of the Eighth Circuit which was following prior precedent. In so doing, the Eighth Circuit noted that it was bound to follow its prior precedent. *Bilello*, 374 F.3d. at 661, n. 4. The Eighth Circuit's holding in *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851 (8th Cir. 2001) that state action is required rests on the Sixth Circuit's decision in *Chapman v. Higbee Co.*, 256 F.3d 416 (6th Cir. 2001), an opinion which has since been vacated and reversed. *See Chapman v. Higbee Co.*, 270 F.3d 297 (6th Cir. 2001) (vacating and scheduling for rehearing en banc); *Chapman v. Higbee Co.*, 319 F.3. 825 (6th Cir. 2003) (reversing and remanding). The Eleventh Circuit has not yet addressed whether an action under the pains and punishments clause of Section 1981(a) requires state action. For the reasons set forth in the *Phillip* case, it appears that state action is not an element of such a claim. *See Phillip*, 316 F.3d at 294-97. In short, the plain language of Section 1981, the legislative history, and the tortured construction that would be required to interpret Section 1981(c) as requiring otherwise persuades this Court that state action is not an element for a claim under the pains and punishments clause of Section 1981(a).

Defendant also seeks dismissal on the basis that the pains and punishments clause of Section 1981 simply does not apply in the "employment context". Doc. No. 23 at 1. Once again, Defendant cites *Mahone* as the sole support for its argument. However, *Mahone* simply held that a cause of action under the pains and punishments clause requires state action. For the reasons set forth above, this Court respectfully disagrees. *Mahone* did not hold that the pains and punishments clause of

Section 1981(a) has no application in the employment context.  Plaintiffs have also failed to present any authority directly on point.  It appears there is no case law directly addressing whether the clause at issue applies in the employment context.  Given the broad remedial purpose of Section 1981 and the holding of this Court that the clause at issue protects against nongovernmental discrimination, the Court sees no reason why the clause should not apply in the context of an employment relationship.  *See CBOCS West, Inc., v. Humphries*, 128 S.Ct. 1955-56 (2008).  Plaintiffs have alleged they have been subjected to "harsher discipline," while that allegation is conclusory and without any factual support, at this juncture the Court can not say the Plaintiff can not state a cause of action under the pains and penalties clause of Section 1981(a).  Therefore, it is recommended that Defendant's Motion be denied to the extent that it seeks dismissal on the basis that the pains and punishments clause of Section 1981(a) requires state action and does not apply in the employment context**.**

### B.    Dismissal Under Federal Rule of Civil Procedure 8(a)(2).

As mentioned above, Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. 1955 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will no do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65 (citations omitted).

Defendant cites *Davis et. al. v. Coca-Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2008) as support for dismissal, noting that in that case the Eleventh Circuit found dismissal was warranted because: "The closest the complaint ever comes to pleading those sixteen claims, however, is when it states plaintiffs were 'denied promotions … and treated differently than similarly situated white

employees solely because of [] race.' That statement epitomizes speculation and therefore does not amount to a short and plain statement of their claim under rule 8(a)." *Id*. at 974.  Defendant cites *Hemi et. al. v. Solvay Pharms., Inc.*, 2006 U.S. Dist. Lexis 84562 (W.D. Mich. 2006) for the proposition that, at a minimum, a discrimination claim alleging failure to promote must specifically identify which position the plaintiff applied for and was rejected.  Finally, Defendant relies on *Lovermi v. BellSouth Mobility, Inc.*, 962 F. Supp. 136 (S.D. Fla. 1997) as additional authority for the proposition that Plaintiffs must identify the position(s) they applied for that they think they did not receive because of discrimination.   Plaintiffs argue that: their Amended Complaint meets the applicable standard; if it lacks some "detail" that deficiency is immaterial because of the other specifics set forth in the pleading; and Defendant is already aware of the facts supporting Plaintiffs' claims because exhaustive discovery has been conducted.

A close review of the Amended Complaint reveals that it fails to allege any facts supporting the claims alleged.  The Amended Complaint is replete with conclusory allegations that provide nothing more than the formulaic allegations of the elements of a cause of action, which is precisely what is prohibited by *Twombly*.  *Twombly*, 127 S. Ct. at 1964-65.  Notwithstanding the status of discovery, the Court and the Defendant are entitled to a statement of facts from Plaintiffs that provides more than speculation.  Therefore, it is recommended that Defendant's Motion be granted to the extent it seeks dismissal for failure to comply with Rule 8(a)(2) with leave to amend.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 12, 2008.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable John Antoon
Counsel of Record
Unrepresented Parties