# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DENNIS GRACE AND CLAY JOHNSON,**

        **Plaintiffs,**

**-vs-**                        **Case No. 6:07-cv-1324-Orl-28GJK**

**DRS SENSORS & TARGETING SYSTEMS, INC.,**

        **Defendant.**

_____/

## ORDER

This cause is before the Court on Defendant's Motion to Strike Portions of Plaintiffs' Amended Response to Defendant's First Motion for Partial Summary Judgment and Plaintiffs' Response to Defendant's Second Motion for Partial Summary Judgment (Doc. 116). Plaintiffs have filed a Response (Doc. 119)[1] thereto.

"Motions to strike are generally viewed with disfavor and '"often considered time wasters."' McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) (quoting Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc., 833 F. Supp. 882, 884 (M.D. Fla. 1993));

---

[1] The Court notes that Plaintiffs' Response (Doc. 119) does not appear to be in compliance with Local Rule 1.05(a) of the Middle District of Florida. That rule provides in part that "all pleadings and other papers tendered by counsel for filing shall be typewritten, double spaced, [and] in at least twelve-point type." Local R. M.D. Fla. 1.05(a). The response is not double-spaced as required by the rule; the font also does not appear to be of the required size, though the Court has not engaged in extensive study of that issue.

    Counsel for Plaintiffs has been reminded of this rule in prior cases in this division of this court, and counsel for all parties are advised that all future filings shall be in compliance with the Local Rules. Failure to comply with the Local Rules in the future may result in the imposition of sanctions.

see also Quality Inns Int'l, Inc. v. Tampa Motel Assocs., Ltd., 154 F.R.D. 283, 287 (M.D. Fla. 1994) ("Motions to strike are . . . infrequently granted. The determination of whether a motion to strike should be granted is within the trial court's discretion." (citations omitted)). Although the Court declines to formally strike the allegedly improper portions of Plaintiffs' Responses to Defendant's summary judgment motions, in ruling on Defendant's Motions for Partial Summary Judgment the Court will, of course, consider and assess the relevance and competence of the evidence presented by Plaintiffs in opposition to those motions. See Snow v. Bellamy Mfg. & Repair, CIV. A. No. 1:94-cv-957-JTC, 1995 WL 867859, at *2 (N.D. Ga. Sept. 26, 1995) ("If, however, the Court finds that the offending paragraphs or exhibits are inadmissible for the purposes of the motion for summary judgment, it will not consider them for that purpose.").

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Strike Portions of Plaintiffs' Amended Response to Defendant's First Motion for Partial Summary Judgment and Plaintiffs' Response to Defendant's Second Motion for Partial Summary Judgment (Doc. 116) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 20th day of August, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party